IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **NANCY DOTY, INC.**, Guardian Ad Litem/Special Fiduciary for **MINOR ANTONIO MIRANDA-SOTO**,<br><br>Plaintiff,<br><br>v.<br><br>**FOX HEAD, INC.**, a foreign corporation; **CYCLE GEAR, INC.**, a foreign corporation; **WYLDER PROMOTIONS LLC**, an Oregon limited liability company; and **MOTOCROSS NORTHWEST, INC.**, an Oregon corporation,<br><br>Defendants. | Case No. 3:19-cv-0405-Sl<br><br>**OPINION AND ORDER** |

J. Randolph Pickett, R. Brendan Dummigan, Kimberly O. Weingart, PICKETT DUMMIGAN MCCALL LLP, 210 SW Morrison Street, Centennial Block, Fourth Floor, Portland, OR 97204. Of Attorneys for Plaintiff.

Patrick C. Wylie and Jonathan Henderson, DAVIS ROTHWELL EARLE & XÓCHIHUA P.C., 200 SW Market Street, Suite 1800, Portland, Oregon 97201. Of Attorneys for Defendant Fox Head, Inc.

Katie L. Smith and Karlek S. Johnson, LORBER GREENFIELD & POLITO, LLC, 610 SW Alder Street, Suite 315, Portland, OR 97205. Of Attorneys for Defendant Cycle Gear, Inc.

David Matthew Merryman and Julie Bardacke Haddon, GORDON & REES SCULLY MANSUKHANI LLP, 121 SW Morrison Street, Suite 1575, Portland, OR 97204. Of Attorneys for Defendant Wylder Promotions LLC.

**Michael H. Simon, District Judge.**

Plaintiff filed this case in the Circuit Court for the State of Oregon for the County of Multomah ("Multnomah County Circuit Court") on April 20, 2018. On March 18, 2019, nearly one year later, Defendant Fox Head, Inc. ("Fox Head") removed the case to this Court. Fox Head removed based on diversity jurisdiction, relying on email correspondence from counsel for Oregon Defendant Wylder Promotions LLC ("Wylder") relating to a settlement between it and Plaintiff. If Wylder was no longer a defendant in the case, then there would be diversity between the parties, because Oregon Defendant Motocross Northwest, Inc. was dismissed from the case while it was being litigated Multnomah County Circuit Court.

On April 17, 2019, Plaintiff moved to remand, asserting that the removal is defective. Plaintiff argues that the email correspondence relied on by Fox Head is insufficient "other paper" on which to base removal. For the following reasons, the Court agrees with Plaintiff and remands this case to Multnomah County Circuit Court.

## STANDARDS

A civil action generally may be removed from state court to federal court if the federal district court would have had original, subject matter jurisdiction over the case. 28 U.S.C. § 1441(a). Subject matter jurisdiction may be based on either diversity jurisdiction or federal question jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction exists over civil actions when the amount in controversy exceeds $75,000 and there is complete diversity among all plaintiffs and defendants. 28 U.S.C. § 1332(a)(1). "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original).

When removal is based on diversity jurisdiction, "[a] case may not be removed . . . more than 1 year after commencement of the action, unless the district court finds that the plaintiff has

PAGE 2 – OPINION AND ORDER

acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C.
§ 1446(c)(1). If the case as stated in the four corners of the initial pleading is not removable, "a
notice of removal may be filed within 30 days after receipt by the defendant, through service or
otherwise, of a copy of an amended pleading, motion, order or other paper from which it may
first be ascertained that the case is one which is or has become removable." 28 U.S.C.
§ 1446(b)(3).

A motion to remand is the proper procedure for a plaintiff to use when challenging removal. 28 U.S.C. § 1447; *see also Moore-Thomas v. Ala. Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). The party seeking removal bears the burden of establishing by a preponderance of the evidence that removal is proper. *Moore-Thomas*, 553 F.3d at 1244. "This burden is particularly stringent for removing defendants because '[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand.'" *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773-74 (9th Cir. 2017) (quoting *Moore-Thomas*, 553 F.3d at 1244); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (noting the "strong presumption" against removal jurisdiction).

**DISCUSSION**

Fox Head removed this case based on an assertion that the case became removable because of the settlement between Plaintiff and Wylder, which created diversity jurisdiction with the loss of the only remaining Oregon defendant. Fox Head solely relies on an email it received from Wylder's counsel as "other paper" that shows that the case became removable. Plaintiff responds that the email is insufficient to show that removal is proper because diversity jurisdiction must exist as of the time of removal and the settlement was not final enough on March 18, 2019, and at that time Wylder was still a party to the case. Plaintiff argues that this email shows no more than that Plaintiff and Wylder were expecting to finalize the details of their

PAGE 3 – OPINION AND ORDER

settlement. Plaintiff also notes that if the settlement is finalized within the next few months as expected and Wylder is dismissed from this case, because of the one-year deadline for removal based on diversity jurisdiction any potential future removal after Wylder is dismissed would be time barred.

This Court has discussed "that a settlement-related letter or email may constitute 'other paper' under 28 U.S.C. 1446(b)(3). To the extent that such a communication brings to light new facts or claims that make a case removable, it restarts a defendant's 30-day clock for removal under 28 U.S.C. § 1446." *Coury v. Air & Liquid Sys. Corp.*, 2018 WL 702685, at *5 (D. Or. Feb. 2, 2018). *Coury* involved settlement communications from Plaintiff's counsel that suggested an intent to bring claims of asbestos exposure on U.S. Navy vessels, thereby potentially triggering removal under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), which unlike § 1441, is construed broadly in favor of removal. *Id.* at *6-7. The Court also noted other contexts in which settlement communications from plaintiffs have been found to constitute "other paper," generally to establish the amount in controversy. *Id.* at *4-5.

"[R]emovability is governed by the 'voluntary/involuntary rule.'" *People of State of Cal. By & Through Lungren v. Keating*, 986 F.2d 346, 348 (9th Cir. 1993). This "rule provides that a suit which, at the time of filing, could not have been brought in federal court must 'remain in state court unless a "voluntary" act of the plaintiff brings about a change that renders the case removable.'" *Id.* (quoting *Self v. General Motors*, 588 F.2d 655, 657 (9th Cir. 1978)). Courts have found that receipt of a signed, notarized settlement agreement between a plaintiff and the nondiverse defendant constitutes both a voluntary act of a plaintiff and "other paper" sufficient to put the diverse defendant on notice that a case has become removable. *See Fernando Garcia v. MVT Servs., Inc.*, 589 F. Supp. 2d 797, 803-04 (W.D. Tex. 2008) ("The receipt by Defendant of

a settlement agreement between Plaintiffs and the nondiverse defendant, which the Plaintiffs signed and had notarized, is a 'voluntary act by the plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction' and does not represent merely 'subjective knowledge' on behalf of Defendant MVT Services.").

Fox Head, however, relies on a February 20, 2019 email from counsel for Wylder that stated in its entirety:

> Our client has settled with Plaintiff and [we] are working on the details. Plaintiff has withdrawn the RFP, but has asked that we provide documents responsive to RFPs 1 and 2. We are happy to provide copies to you, as well and to gather and provide anything else you need—so please let me know. Because Rick (and potentially others who work for him) is still a witness, we will not close our file and I will remain involved to shepherd whatever is necessary. Please continue to keep me in the loop on everything. I am happy to discuss further anytime.

ECF 1-2. Fox Head asserts that because settlement-related documents have been found, including by this Court, to constitute "other paper," this email suffices to support the Notice of Removal. Notably, less formal settlement-related documents have generally been found to constitute "other paper" for identifying the amount in controversy. Fox Head cites no authority finding that an email from counsel for a nondiverse defendant discussing reaching settlement but still "working on the details," without suggesting any agreement had been signed or letters exchanged, was found to constitute "other paper" sufficient to support a finding of diversity jurisdiction.

Fox Head does argue that formal dismissal of Wylder is not required, and the Court agrees. Fox Head also asserts that a settlement between a plaintiff and a nondiverse defendant is a voluntary act by the plaintiff that does not trigger a bar from the voluntary/involuntary rule, and again the Court agrees. Fox Head cites numerous cases, however, that involve settlements that had some form of written agreement or where the court concluded that the settlement was

PAGE 5 – OPINION AND ORDER

"final enough" to support a finding that the nondiverse defendant was no longer in the case. *See Chohlis v. Cessna Aircraft Co.*, 760 F.2d 901 (8th Cir. 1985) (affirming lower court finding that settlement was "final enough," without providing details); *Hanahan v. John Hancock Life Ins. Co. (USA)*, 518 F. Supp. 2d 780, 785 (D.S.C. 2007) (Consent Order); *Adams v. Estate of Keck*, 210 F. Supp. 2d 863, 864 (W.D. Ky. 2002) (settlement agreement); *Ratcliff v. Fibreboard Corp.*, 819 F. Supp. 584, 585 (W.D. Tex. 1992) (letter agreements); *Lesher by Lesher v. Andreozzi*, 647 F. Supp. 920, 922 (M.D. Pa. 1986) (settlement agreement); *DiNatale v. Subaru of Am.*, 624 F. Supp. 340, 341 (E.D. Mich. 1985) (letter agreement); *Erdey v. Am. Honda Co.*, 96 F.R.D. 593, 598 (M.D. La.), *on reconsideration in part*, 558 F. Supp. 105 (M.D. La. 1983) (settlement agreement and consent judgment). The issue, therefore, is whether the *email* showed that the settlement between Wylder and Plaintiff was "final enough" to support removal.

Fox Head argues that the settlement was "final enough" because there is a strong presumption under Oregon law favoring settlement agreements and thus the settlement agreement would have been enforced as of the time Wylder sent the email. This argument is unpersuasive.

The Court evaluates whether removal was proper by looking at the four corners of the "other paper"—here the email—and not considering anything else, such as the subjective knowledge of the defendant or general context. *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) ("We now conclude that notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry. Thus, the first thirty-day requirement is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is 'not removable' at that stage. In such

case, the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained *from the face of the document* that removal is proper." (emphasis added)). Disregarding the fact that Plaintiff is a minor being represented by a guardian *ad litem* and any settlement agreement requires approval by the probate court, the email from Wylder's counsel states that the parties were still "working on the details." Parties sometimes believe that they have reached a settlement and yet when they try to put the terms in writing the settlement falls apart. Those "details" can sometimes be tricky and prove fatal to the agreement. Fox Head argues that Plaintiff and Wylder agreed to the material terms of the settlement by the time of removal, but that is not clear from the four corners of the email.

There simply is not enough information in the email from Wylder's counsel to find that the parties had a binding settlement "final enough" to presume that Wylder would no longer be in the case. A substantively similar email was evaluated for the same purposes (supporting a notice of removal) by the U.S. District Court for the District of Massachusetts, which explained

> The November 28, 2017 email states in relevant part: "Mercy is settled and we are finalizing settlement documents." This email, the court concludes, is ambiguous as to whether, as of that date, Plaintiff and Mercy had entered into a binding and enforceable settlement agreement. On the one hand, the email states that "Mercy is settled," a seemingly definitive statement. On the other hand, the email then states that the parties are "finalizing settlement documents," which appears to indicate that the settlement was inchoate in nature, rather than a final agreement. "Essential facts are missing from" the email and, therefore, Removing Defendants "would have needed to investigate" the precise status of the agreement between Plaintiff and Mercy to have determined whether the parties had indeed entered a binding settlement which effectively removed Mercy from the case at that point. *Romulus* [*v. CVS Pharm., Inc.*], 770 F.3d [67,] 76 [(1st Cir. 2014)]; *see also Lovern* [*v. Gen. Motors Corp.*], 121 F.3d [160,] 162 [(4th Cir. 1997)] ("Where, however, such details are obscured or omitted . . . that circumstance makes the case . . . not

PAGE 7 – OPINION AND ORDER

> removable, and the defendant will have 30 days from the
> revelation of grounds for removal in an amended pleading, motion,
> order, or other paper to file its notice of removal. . . .").
> Accordingly, the four corners of the email did not provide
> Removing Defendants "with sufficient information to *easily*
> determine that the matter is removable." *Romulus*, 770 F.3d at 72
> (emphasis added).

*Torres v. Johnson & Johnson*, 2018 WL 2271019, at *4 (D. Mass. May 17, 2018) (quotation marks and citations omitted); *see also State Farm Fire & Cas. Co. v. Valspar Corp.*, 824 F. Supp. 2d 923, 931 (D.S.D. 2010) (finding email that implied settlement was reached was too ambiguous to qualify as an "other paper" supporting remand based on diversity jurisdiction, noting that "the key is whether the e-mail *itself* clearly and unequivocally provides the requisite notice of removability" and that "context" and the defendant's "subjective knowledge of Ms. Estes' likely settlement, is irrelevant to this determination" (emphasis in original)). The same ambiguities are in the email from Wylder's counsel. Fox Head therefore fails to meet its "stringent burden" of overcoming the "strong presumption" against removal, and even if there were some doubt created by the email, the Court must resolve that doubt in favor of remand. *Corral*, 878 F.3d at 773-74.

Fox Head requests that if the Court is inclined to grant Plaintiff's motion, Fox Head first be permitted to take jurisdictional discovery about the status of the settlement between Wylder and Plaintiff at the time of removal. Fox Head expresses concern that the situation was "ripe for abuse by a plaintiff seeking to avoid removal." On August 15, 2019, the Court ordered Plaintiff and Wylder to submit a joint status report on the current status of their settlement. As of August 23, 2019, Plaintiff and Wylder had reached a settlement, agreed upon terminology for a written agreement, and submitted it for approval to the probate court. They expect that the settlement will be finalized in around 45 days. This status report, of course, is five months after Fox Head's removal. It does, however, alleviate any potential concern by the Court that Plaintiff

was delaying finalizing a settlement with Wylder to get past April 20, 2019, when the one-year removal period expired. The process has taken months beyond that date. Fox Head's request for discovery on this issue is denied.

## CONCLUSION

Plaintiff's Motion to Remand (ECF 7) is GRANTED. This case is REMANDED to the Circuit Court of the State of Oregon for the County of Multnomah. The Clerk of the Court is directed to send the files in this case to the Clerk of the Multnomah County Circuit Court.

**IT IS SO ORDERED**.

DATED this 6th day of September, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge